UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ODIN NORDHEIM,

        Plaintiff,

    v.

UBER TECHNOLOGIES INC,

        Defendant.

Case No. 26-cv-05871-TSH

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION**

On June 16, 2026, Plaintiff Odin Nordheim filed suit against Uber Technologies Inc., alleging claims for "Cal. contract law; implied covenant; 28 U.S.C. § 1332. breach of contract; implied covenant of good faith." ECF No. 1.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up). Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has

United States District Court
Northern District of California

federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)-(2).

Plaintiff does not plead any federal claims, nor does he allege federal question jurisdiction exists.  As to diversity jurisdiction, it appears to be lacking as Plaintiff lists San Francisco, California addresses for both him and Uber.  *See* Compl. at 1.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of jurisdiction. Plaintiff shall file a written response to this order by July 6, 2026.  Failure to do so will likely result in dismissal of this action for lack of subject matter jurisdiction.

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2