UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ODIN NORDHEIM,

          Plaintiff,

    v.

UBER TECHNOLOGIES INC,

          Defendant.

Case No.  26-cv-05871-TSH

**ORDER FOR SUPPLEMENTAL BRIEFING RE: SUBJECT MATTER JURISDICTION**

On June 16, 2026, Plaintiff Odin Nordheim filed suit against Uber Technologies Inc., alleging claims for "Cal. contract law; implied covenant; 28 U.S.C. § 1332. breach of contract; implied covenant of good faith."  ECF No. 1.  As Plaintiff does not plead any federal claims, and he lists San Francisco, California addresses for both him and Uber, the Court ordered him to show cause why this case should not be dismissed for lack of jurisdiction.  ECF No. 5.  In his response, Plaintiff states that "[a]t the time this action was filed on June 16, 2026, Plaintiff was not a United States citizen and was a citizen or subject of a foreign state."  ECF No. 7.  Plaintiff does not provide any further information about his citizenship.  The Court also notes Plaintiff has filed at least 10 cases in this District in the past year and has consistently provided only California addresses.[1]

"The party asserting federal subject matter jurisdiction bears the burden of proving its

---

[1] *See* complaints filed in *Nordheim v. United States Citizenship and Immigration Services (USCIS),* 25-cv-04571-TLT; *Nordheim v. USCIS,* 25-cv-04701-TLT; *Nordheim v. JP Morgan Chase Bank N.A.,* 25-cv-04781-TLT; *Nordheim v. Code Tenderloin,* 25-cv-04969-JST; *Nordheim v. LinkedIn Corp.,* 25-cv-04985-SK; *Nordheim v. Department of Homeland Security,* 25-cv-06451-JSC; *Nordheim v. EOIR,* 25-cv-08649-TLT; *Nordheim v. U.S. Customs and Border Protection,* 26-cv-01819-SK; *Nordheim v. Executive Office for Immigration Review (EOIR),* 26-cv-05713-KAW.

United States District Court
Northern District of California

existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)).  Plaintiff's assertion that he "was a citizen or subject of a foreign state" largely tracks the language of 28 U.S.C. § 1332(a)(2) and amounts to a conclusory jurisdictional allegation.  The Court cannot determine whether diversity jurisdiction exists without knowing the particular foreign state of which Plaintiff claims citizenship.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (explaining that citizenship, not residence, determines diversity jurisdiction and that jurisdictional allegations must establish citizenship).  Accordingly, no later than July 8, 2026, Plaintiff shall file a supplemental declaration that:

1.  Identifies the specific foreign country of which Plaintiff was a citizen or subject on June 16, 2026, the date this action was commenced;

2.  Sets forth the factual basis for Plaintiff's claim of citizenship in the identified foreign country; and

3.  Attaches competent evidence supporting that claim, such as a passport, certificate of citizenship, national identity document, or other comparable documentation.

If Plaintiff believes that any documents should be filed under seal, he shall comply with Civil Local Rule 79-5.

Failure to timely comply with this Order, or failure to establish a basis for subject-matter jurisdiction, may result in dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The

handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California