UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ODIN NORDHEIM,

         Plaintiff,

      v.

UBER TECHNOLOGIES INC,

         Defendant.

Case No.  26-cv-05871-TSH

**ORDER RE: REQUEST TO FILE UNDER SEAL**

On June 24, 2026, the Court ordered Plaintiff Odin Nordheim to show cause why this case should not be dismissed for lack of jurisdiction.  ECF No. 8.  The Court directed Plaintiff to file a written response by July 3, 2026, including any evidence supporting his claim.  The Court also instructed Plaintiff that if he believes any documents should be filed under seal, he must comply with Civil Local Rule 79-5.  On June 25 Plaintiff filed a response stating he is prepared to provide information, but he "requests leave to do so through a sealed filing, a redacted filing, in camera submission, or another secure procedure authorized by the Court, rather than through unrestricted disclosure on the public docket."  ECF No. 9.

As stated in the June 24 order, any request for sealing must comply with Civil Local Rule 79-5, which provides: "A party must file a motion to seal a document at the same time that the party submits the document.  Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal."  Civ. L. R. 79-5(b).  The rule also establishes that a motion to seal must include the following:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> > (i)    the legitimate private or public interests that warrant

sealing;

    (ii)     the injury that will result if sealing is denied; and

    (iii)    why a less restrictive alternative to sealing is not sufficient;

(2) evidentiary support from declarations where necessary; and

(3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Civ. L. R. 79-5(c). "Where the document to be sealed is a declaration or an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT FILED UNDER SEAL" shall replace the exhibit in the document filed on the public docket, and the exhibit to be filed under seal shall be filed separately as an attachment to the Administrative Motion to File Under Seal." Civ. L.R. 79-5(d).

As Plaintiff's June 25 filing does not comply with these requirements, the Court **ORDERS** Plaintiff to refile by July 3, 2026 his declaration, including any evidentiary support as attachments and, if necessary, a motion to seal under Civil Local Rule 79-5.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 26, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2