UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ODIN NORDHEIM,

    Plaintiff,

  v.

UBER TECHNOLOGIES INC,

    Defendant.

Case No.  26-cv-05871-TSH

**SECOND ORDER TO SHOW CAUSE**

On June 16, 2026, Plaintiff Odin Nordheim filed suit against Uber Technologies Inc., alleging claims for "Cal. contract law; implied covenant; 28 U.S.C. § 1332. breach of contract; implied covenant of good faith."  ECF No. 1.  As Plaintiff does not plead any federal claims, and he lists San Francisco, California addresses for both him and Uber, on June 18 the Court ordered him to show cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 5.

In his June 24 response, Plaintiff stated: "At the time this action was filed on June 16, 2026, Plaintiff was not a United States citizen and was a citizen or subject of a foreign state." ECF No. 7.  Plaintiff did not provide any further information about his citizenship, and he has filed at least 10 cases in this District in the past year where he provided only California addresses.[1] As such, the Court directed Plaintiff to file a supplemental declaration identifying the foreign

---

[1] *See* complaints filed in *Nordheim v. United States Citizenship and Immigration Services (USCIS),* 25-cv-04571-TLT; *Nordheim v. USCIS,* 25-cv-04701-TLT; *Nordheim v. JP Morgan Chase Bank N.A.,* 25-cv-04781-TLT; *Nordheim v. Code Tenderloin,* 25-cv-04969-JST; *Nordheim v. LinkedIn Corp.,* 25-cv-04985-SK; *Nordheim v. Department of Homeland Security,* 25-cv-06451-JSC; *Nordheim v. EOIR,* 25-cv-08649-TLT; *Nordheim v. U.S. Customs and Border Protection,* 26-cv-01819-SK; *Nordheim v. Executive Office for Immigration Review (EOIR),* 26-cv-05713-KAW.

country of which Plaintiff was a citizen or subject on June 16, 2026, setting forth the factual basis for that claim, and attaching competent supporting evidence, such as a passport, certificate of citizenship, national identity document, or comparable documentation.  ECF No. 8.  The Court directed Plaintiff to comply with Civil Local Rule 79-5 if he believed any documents should be filed under seal.

On June 25 Plaintiff filed a response stating he is prepared to provide information, but he "requests leave to do so through a sealed filing, a redacted filing, in camera submission, or another secure procedure authorized by the Court, rather than through unrestricted disclosure on the public docket."  ECF No. 9.  As Plaintiff's June 25 filing did not comply with the requirements of Civil Local Rule 79-5, the Court ordered him to refile his declaration by July 3, including any evidentiary support as attachments and, if necessary, a motion to seal under Local Rule 79-5.  ECF No. 10.  Plaintiff has failed to respond.

The Court possesses the inherent power to dismiss an action sua sponte if a plaintiff fails to prosecute their action or fails to comply with court orders.  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Accordingly, the Court **ORDERS** Plaintiff Odin Nordheim to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  Plaintiff shall file a declaration by July 27, 2026.  <u>Notice is hereby provided that failure to file a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed</u>.  Thus, it is imperative the Court receive a written response by the deadline above.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing [fedpro@sfbar.org](mailto:fedpro@sfbar.org) or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a*

United States District Court
Northern District of California

*Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 13, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3